**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 6:02-CR-64-02** |
| | § | |
| **WENDELL HAYS** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On May 10, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Wendell Hays. The government was represented by Mary Ann Cozby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by the court-appointed federal defender, Ken Hawk.

Defendant originally pleaded guilty to Possession with Intent to Distribute Methamphetamine, a Class C felony. The offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 21 and a criminal history category of I, was 37 to 46 months. On February 6, 2003, U.S. District Judge Leonard Davis granted a downward departure for substantial assistance and sentenced Defendant to 30 months imprisonment followed by a term of three years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and testing and treatment for drug abuse. On December 6, 2004, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime. In its petition, the government alleges that Defendant violated his condition of supervised release by pleading guilty and being convicted of the

offense of Driving While Intoxicated 3rd or More in the District Court, 294th Judicial District, Van Zandt County, Texas, on March 15, 2007.

If the Court finds by a preponderance of the evidence that Defendant committed this violation, a statutory sentence of no more than two years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by conviction for Driving While Intoxicated 3rd or More would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the Government moved to dismiss the petition and continue on supervised release, subject to the modification that Defendant not be permitted to drive during the period of supervised release. Defendant's counsel joined in the Government's motion.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that the Court **DISMISS** the petition revoke supervised release against Defendant, Wendell Hays. Further, the Court **RECOMMENDS** that Defendant be allowed to finish out his supervised release period under his current conditions of supervised release, modified by the condition that Defendant not be permitted to drive during the remaining period of supervised release.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within ten days after service with a copy thereof shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States*

*Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*)

**So ORDERED and SIGNED this 11th day of May, 2007.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE